UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLE LEE PAYMENT, | CASE NO. C13-5496 RBL-JRC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR:<br>JULY 11, 2014 |
| RYAN SIEGLER, STEVEN WEED, RANDY SIMONSEN, JERRY MCHAFFIE, BERNIE WARNER, MIKE OBENLAND, STEVE BLAKEMAN, BRENDA MCKINNEY, | |
| Defendants. | |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Defendants ask the Court to grant them summary judgment (Dkt. 25). Plaintiff alleges that defendants failed to protect him from himself when they gave him a razor after he had activated the emergency call button in his cell and told the booth officer that he was suicidal (Dkt. 9, pp. 6-9). Plaintiff claims that defendant Correctional Officers Weed and Simonsen had a

discussion in which they agreed to give plaintiff a razor and stated, "What you think I want to put up with him for the next 30-years(?)" Dkt. 47, page 3.  Plaintiff cut his left wrist with the razor, allegedly attempting to commit suicide (Dkt. 9, p. 8).  Plaintiff alleges that defendants violated his Eighth Amendment rights. (Dkt. 9).

The undersigned recommends granting defendants' motion for summary judgment in part and denying the motion in part.  Plaintiff has failed to provide any evidence to support his allegations of deliberate indifference by any defendants except for the two officers who escorted plaintiff to the shower -- Correctional Officers Weed and Simonsen.  Material issues of fact as to the state of mind of these two defendants preclude granting them summary judgment.

## FACTS

Plaintiff names eight persons as defendants in this action.  These persons are Bernie Warner, Secretary of the Department of Corrections, Michael Obenland, Superintendent of the Clallam Bay Corrections Center, Steve Blakeman, Corrections Unit Supervisor, Jerry McHaffie, Sergeant, Corrections Officers Ryan Siegler, Steven Weed, and Randy Simonsen, and Psychologist Brenda McKinney (Dkt. 9).

Plaintiff sues defendants Warner, Obenland, and Blakeman for failure to supervise or train their subordinates (Dkt. 9, p. 9).  Plaintiff sues defendants McHaffie, Simonsen, Siegler, and Weed for allegedly ignoring his suicide threats and giving him a razor (Dkt. 9, p. 10).  Plaintiff sues defendant Brenda McKinney for not responding immediately to his emergency call (Dkt. 9, p. 10).

Plaintiff is an inmate and has been incarcerated since 2004 (Dkt. 29, p. 2, ¶ 4 (Declaration of Steve Blakeman)).  Since beginning to serve his original sentence, plaintiff has been convicted "multiple times" of assaulting correctional staff (*id.*).  Because of his behavior, plaintiff has spent

1  the majority of his prison sentence in the highly secure Intensive Management Units at various

2  Washington State prisons (*id.*).

3       Plaintiff provides documentation showing a history of self mutilation since at least June

4  of 2005 (Dkt. 47-1 pp. 6-14).  Plaintiff also provides documentation that he received mental

5  health treatment for his behavioral problems including treatment for thoughts of suicide (Dkt. 14-

6  1, pp. 15-19).

7       On February 20, 2013, another inmate in the Clallam Bay Corrections Center Intensive

8  Management Unit flooded his cell and staff had to remove that inmate by force, including

9  deployment of pepper spray (Dkt. 30, pp. 1-2, ¶¶ 3-5).  During this incident the Intensive

10  Management Unit was shut down and some inmates, including plaintiff, lost their allotted yard

11  time or shower for the day.

12       It was shortly after this incident, at approximately 3:15 p.m., when plaintiff first activated

13  his call button and told Corrections Officer Siegler, the control booth officer, that he (plaintiff)

14  was going to kill himself (Dkt. 9, p. 6).  Plaintiff alleges that defendant Siegler stated that he

15  understood the message (*id.*).  Plaintiff alleges that he called a second time ten minutes later.

16  Plaintiff alleges that he again told defendant Siegler that he was suicidal and needed help (*id.*).

17  Plaintiff states that defendant Siegler told him he understood, and that he had contacted one of

18  the floor officers, Corrections Officer Simonsen.  Plaintiff alleges that defendant Siegler told him

19  that defendant Simonsen had notified the Shift Sergeant, defendant McHaffie about plaintiff's

20  statements (Dkt. 9, p. 7).

21       Plaintiff alleges that twenty minutes later -- at 3:45 p.m. -- defendants Corrections

22  Officers Weed and Simonsen approached plaintiff's cell and asked him if he wanted his shower

23  (Dkt. 9, p. 7).  Plaintiff alleges that he asked if he would be given a razor.  Plaintiff alleges that

24

1   defendant Weed "dramatically" answered "absolutely."  (Dkt. 9, p. 7).  Plaintiff alleges that

2   defendants Weed and Simonsen began whispering, but he heard Weed say "what do you think I

3   want him around the next thirty years." (Dkt. 9, p. 7).  Plaintiff alleges that he was facing

4   sentencing on a conviction for custodial assault and that he could receive a thirty year sentence

5   (*id*.).

6          Plaintiff alleges that once he was secure in the shower defendant Simonsen left the area

7   (Dkt. 9, p. 8).  Plaintiff alleges that defendant Weed knew that plaintiff was suicidal and despite

8   this knowledge gave plaintiff the razor and stated "[h]ere you are going to need this, that is if you

9   are really serious." (Dkt. 9, p. 8).  It is undisputed that plaintiff cut his left wrist, although

10  plaintiff and defendants disagree on the severity of the injury.

11         Defendants portray the facts in a different light.  In the introduction to their summary

12  judgment motion, defendants state:

13         Plaintiff, an inmate who at the time was incarcerated in the Intensive
           Management Unit (IMU) at the Clallam Bay Corrections Center, has a history of
14         declaring false medical emergencies when he is upset at staff.

15         On February 20, 2013, Plaintiff had an opportunity to take advantage of a
           chaotic situation and again declared a false emergency. At the time, custody staff
16         was pre-occupied with extracting another offender from his cell. Because the use
           of force was necessary to deal with the situation, the IMU was temporarily shut
17         down and Plaintiff and other offenders were not able to have their allotted
           recreation time. During this period of confusion, and upset that he lost his
18         recreation time, Plaintiff hit the emergency call button in his cell and declared
           over the intercom that he was suicidal. Due to a miscommunication among staff,
19         Plaintiff was later issued a shaving razor when he claimed to be suicidal.  Plaintiff
           subsequently broke the shaving razor to expose the blade and made superficial
20         cuts on his arm. Staff responded immediately. When they arrived, Plaintiff waved
           the razor in a threatening manner toward staff and shouted, "Here's looking at you
21         bitch!" Plaintiff now claims that Defendants violated his Eighth Amendment
           rights by issuing him a shaver after he claimed to be suicidal.
22
           This was no suicide attempt. Plaintiff took advantage of a chaotic situation
23         to create a scene because he was upset about losing recreation time and,
           apparently, to manufacture this lawsuit. Fortunately, Plaintiff's manipulative
24

REPORT AND RECOMMENDATION - 4

behavior was captured on videotape taken shortly after the incident occurred. In the video, Plaintiff is clearly not in pain from the cut to his arm nor is he expressing actual suicidal ideation. Rather, he is infuriated at staff for taking away his yard time. This is best exemplified by the last few minutes of the video. When asked by the staff psychologist whether he needed to be placed on suicide watch or whether he felt it was safe to return to his cell, Plaintiff attempted to negotiate and asked whether he would be allowed yard time if he said he was not contemplating self-harm.

(Dkt. 25, pp.1-2).  Defendants summarize a number of prior incidents and allege that plaintiff has a history of declaring false emergencies or claiming to be suicidal when he is upset with staff (Dkt. 25 pp. 5-6).

Defendants' description of the February 20, 2013, incident obviously differs from plaintiff's description.

Sergeant McHaffie concludes his declaration by stating that he had no intention of harming plaintiff and "immediately after learning that he had cut himself in the shower, I and others ensured that Mr. Payment was provided prompt medical and mental health service."  (Dkt. 30, p. 3, ¶ 8).

The other officer defendants also deny that they had any intention of causing plaintiff harm or to place him in danger (Dkt. 31, p. 3, ¶ 6, Dkt. 32, pp. 2-3, ¶¶ 4-5, Dkt. 36).

Defendant Brenda McKinney is a psychologist and she provided a mental health assessment to plaintiff after he had cut his wrists and while he was in a holding cell.  Defendant McKinney states that she did not know plaintiff had stated that he was suicidal until after he had cut himself (Dkt. 34, p. 2 ¶ 2).

<u>STANDARD OF REVIEW</u>

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is a

1   genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to

2   find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see*

3   *also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

4   1987).  The moving party is entitled to judgment as a matter of law if the nonmoving party fails

5   to make a sufficient showing on an essential element of a claim on which the nonmoving party

6   has the burden of proof.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1985); *Anderson*, 477

7   U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive

8   evidentiary burden").  When presented with a motion for summary judgment, a court shall

9   review the pleadings and evidence in the light most favorable to the nonmoving party.

10  *Anderson*, 477 U.S. at 255 (*citing Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 158-59 (1970)).

11  Conclusory, nonspecific statements in affidavits are not sufficient; and, a court will not presume

12  "missing facts." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

13                                        DISCUSSION

14          1.      Personal Participation.

15          A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a

16  supervisory responsibility or position.  *Monell v. New York City Dept. of Social Services*,

17  436 U.S. 658, 694 n.58 (1978).  Thus, the theory of *respondeat superior* is not sufficient

18  to state a claim under § 1983.  *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

19          Personal participation is connected to causation.  The inquiry into causation must

20  be individualized and focus on the duties and responsibilities of each individual

21  defendant whose acts and omissions are alleged to have caused a constitutional violation.

22  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

23

24

1    Plaintiff must allege facts showing how defendant caused or personally

2    participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350,

3    1355 (9th Cir. 1981).   A § 1983 suit cannot be based on vicarious liability alone, but

4    must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton*

5    *v. Harris*, 489 U.S. 378, 385-90 (1989).

6    Plaintiff names defendants Warner, Obenland, and Blakeman in this action for

7    failure to train or supervise their employees (Dkt. 9).  There are no facts showing that any

8    of these persons played any part in the incident that occurred on February 20, 2013.

9    These defendants cannot be held liable for failure to supervise and plaintiff presents no

10   information regarding his claim of failure to train or show that these persons play any

11   part in training.  An individual defendant must personally cause or participate in the

12   constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

13   The Court recommends granting defendants Warner, Obenland, and Blakemen motion for

14   summary judgment.

15   2.    Mental health care response.

16   Defendant McKinney is sued for not responding immediately when plaintiff first

17   contacted Officer Siegler (Dkt. 9, p. 10).  Defendant McKinney states in her declaration that she

18   responded when she got the call that plaintiff had cut himself and that she did not know that

19   plaintiff stated that he was suicidal prior to getting that call (Dkt. 34, p. 2 ¶ 2).   Plaintiff provides

20   no evidence to the contrary.

21   The government has an obligation to provide medical care for prisoners, and the Eighth

22   Amendment proscribes deliberate indifference to their serious medical needs. *Estelle*, 429 U.S.

23   at 103 (1976).  Failure to provide medical care is actionable under 42 U.S.C. § 1983. *See, e.g.*,

24

1 *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *reversed on other grounds,  WMX*

2 *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

3       To state a claim plaintiff must establish that a defendant was deliberately indifferent to a

4 serious medical need.  To establish deliberate indifference, a prisoner must show that a defendant

5 purposefully ignored or failed to respond to the prisoner's pain or possible medical need.

6 *McGuckin*, 974 F.2d at 1060; *Estelle*, 429 U.S. at 104, "[t]o violate the Cruel and Unusual

7 Punishment Clause, a prison official must have a 'sufficiently culpable state of mind' … [T]hat

8 state of mind is one of 'deliberate indifference' to inmate health or safety."  *Id*. (citations

9 omitted).  The prison official will be liable only if "the official knows of and disregards an

10 excessive risk to inmate health and safety; the official must both be aware of facts from which

11 the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

12 the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

13       Plaintiff fails to provide any evidence that defendant McKinney knew of plaintiff's threat

14 to commit suicide prior to her receiving a call informing her that plaintiff had cut his wrists.

15 Further, the DVD video provided by defendants in support of their motion for summary

16 judgment shows that defendant McKinney arrived and spoke with plaintiff promptly after she

17 was informed of the incident.  Plaintiff fails to show that defendant McKinney was deliberately

18 indifferent to his request for help.  The Court recommends granting defendant McKinney's

19 motion for summary judgment.

20       3.    Defendants Siegler and McHaffie.

21       Neither defendant Siegler nor McHaffie were present when Officers Weed and Simonsen

22 issued a razor to plaintiff.  While it is undisputed that plaintiff had informed Officer Siegler that

23 he was suicidal, Officer Siegler states in his declaration that when Officer Weed requested razors

24

REPORT AND RECOMMENDATION - 8

1   for showers he requested three or four and they used cell numbers and not names (Dkt. 31, p. 2 ¶

2   4).  Defendant Siegler states that it did not occur to him that plaintiff was one of the people

3   about to get a razor (*id*.).  Plaintiff fails to provide any evidence that defendant Siegler actually

4   drew an inference of danger and consciously disregarded the risk.  *See Farmer v. Brennan*, 511

5   U.S. 825, 837 (1994).  Plaintiff states in his declaration the he notified defendant Siegler twice

6   that he (plaintiff) intended to commit suicide, and that defendant Siegler "assured me that he let

7   the floor officers know,  . . . " Dkt. 47, page 2  This does not show a conscious disregard for

8   plaintiff's safety.  To the contrary, the evidence indicates that defendant Siegler took steps to

9   address plaintiff's concerns.  Therefore, this Court recommends that Summary Judgment be

10  granted in favor of defendant Siegler.

11      Defendant McHaffie states that he remembers Officer Simonsen coming into his office to

12  report something but he does not recall what and in the aftermath of the use of force he did not

13  realize plaintiff had declared a medical emergency until after he learned that plaintiff had cut

14  himself (Dkt. 30, pages 2-3). A prison official will be held liable only if "the official knows of

15  and disregards an excessive risk to inmate health and safety; the official must both be aware of

16  facts from which the inference could be drawn that a substantial risk of serious harm exists, and

17  he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff fails

18  to provide evidence to draw an inference of deliberate indifference with regards to defendant

19  McHaffie.  The Court recommends granting these two defendants motion for summary

20  judgment.

21      4.      Defendants Simonsen and Weed.

22      Defendant Simonsen admits that he heard Officer Siegler state over the intercom that

23  plaintiff claimed to be suicidal (Dkt. 32, p. 2, ¶ 3). Defendant Simonsen also states that he

24

REPORT AND RECOMMENDATION - 9

1   reported the information to the shift sergeant (*id.*).  Yet he states that twenty minutes later he and

2   Officer Weed issued plaintiff a razor.  Plaintiff also states that prior to issuing him the razor

3   Officers Weed and Simonsen had a whispered conversation and plaintiff heard Officer Weed

4   state "what do you think I want him around the next thirty years."  (Dkt. 9, p. 7).  Plaintiff

5   repeats his allegations in a declaration in opposition to defendants' motion for summary

6   judgment (Dkt. 47, p. 3).  There is a genuine issue of fact for trial if the record, taken as a whole,

7   could lead a rational trier of fact to find for the nonmoving party.  *Anderson v. Liberty Lobby,*

8   *Inc.*, 477 U.S. 242, 248 (1986); *see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors*

9   *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

10          Considering the evidence in a light most favorable to the non moving party the Court

11   concludes that a juror could find that Officer Simonsen was aware of the plaintiff's threats of self

12   harm and decided to issue the razor to him in spite of this knowledge.

13          Plaintiff alleges that Officer Weed was alone when he issued the razor to plaintiff and

14   that when he gave plaintiff the razor he allegedly stated "[h]ere you are going to need this, that is

15   if you are really serious." (Dkt. 47, p. 3). From this statement, it can be inferred that defendant

16   Weed knew of plaintiff's threats of self harm, drew an inference that plaintiff was a danger to

17   himself, and ignored that risk when he issued plaintiff a razor.  The Court recommends denying

18   these two defendants summary judgment as there are material issues of fact regarding their

19   mental state at the time they gave plaintiff a razor.

20          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

21   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

22   Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

23   purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).

24

1   Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to

2   set the matter for consideration on July 11, 2014, as noted in the caption.

3       Dated this 17th day of June, 2014.

4

5   _____
    J. Richard Creatura
6   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24